﻿Citation Nr: 19172636
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 12-26 639
DATE: September 18, 2019

REMANDED

Service connection for hay fever (allergic rhinitis) is remanded.

Service connection for sleep apnea, to include as secondary to hay fever, is remanded.

REASONS FOR REMAND

The appellant served on active duty for training (ACDUTRA) from June 25, 1960, to December 16, 1960. It appears he also had subsequent periods of ACDUTRA from July 15 to July 30, 1961; August 12 to August 25, 1962; July 30 to August 16, 1963; July 30 to August 15, 1964; and July 17 to August 1, 1965.

These matters come to the Board of Veterans’ Appeals (Board) on appeal from July 2010 and July 2013 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.

The Board previously remanded the claim of entitlement to service connection for allergic rhinitis in January 2013 and August 2014 for further development. Subsequently, in August 2015, the Board denied service connection for allergic rhinitis, sinusitis, and sleep apnea. The appellant appealed the Board’s August 2015 decision in regard to his allergic rhinitis and sleep apnea to the United States Court of Appeals for Veterans Claims (Court/CAVC). In a March 2017 memorandum decision, the Court vacated that part of the August 2015 Board decision, which denied service connection for allergic rhinitis. The Court then remanded both issues for further action in accordance with its decision.

This case was remanded by the Board in January 2018 for a VA examination by a physician who is board-certified in allergy and immunology. An Exam Scheduling Request was initiated on April 5, 2018. In May 2018, it was noted that the appellant did not appear for his appointment. On December 22, 2018, an Exam Scheduling Request Contention Cancellation was issued indicating that the examination was cancelled for allergic rhinitis (hay fever). The reason given is, “no appointment created.”

Although the May 2019 supplemental statement of the case (SSOC) indicates that the RO was informed the appellant failed to report for his examination, the claims file has not shown any indication that the appellant was contacted and/or informed about his VA examination, nor is there any indication that the RO attempted to reschedule the VA examination. Thus, the Board finds the RO did not adequately fulfill its duty to assist the appellant with scheduling him for a VA examination. 38 C.F.R. § 3.159(c)(4) (2018).

Accordingly, a remand is required for compliance with the January 2018 Board remand directives and specifically, scheduling the appellant for a VA examination.

1. Service connection for hay fever (allergic rhinitis) is remanded.

On VA examination in October 2014, in the Medical History section, the examiner notes the following:

Veteran states he was first tested for allergies at watson clinic about 17-18 years old prior to service he was diagnosed as allergic to pollen, grass seed, animal fur, pollen to most trees and rag weed. He states he had the skin prick test. Veteran states he disclosed that he had hay fever/allergies on his entrance exam. Veteran states while stationed in Fort Jackson, he had a severe attack of his allergies, that he describes as raw nasal passages, sore throat, sneezing, watery eyes, clear runny nose. He states this attack lasted for a week, then another episode occurred shortly after that lasted 2-3 weeks. He states once he went to FORT Gordon then the hay fever / allergies improved because the weather was cold, he states he used OTC medications from that point. Veteran states he came back home and after 4-5 years his symptoms improved over time. Then he states since he has gotten older it is affecting him more. Veteran states his symptoms of his allergies were the same prior to service as during service. Veteran states he has taken Allergy shots in the past in the mid 1960’s.

In concluding that the appellant’s hay fever was not aggravated beyond its natural progression during ACDUTRA, the examiner reasoned, in part, that “Per the Veteran’s Statement on examination today he had allergy symptoms prior to service that he states were the same after service.”

CAVC determined that the October 2014 VA examination, which the Board relied on to deny the claim, was inadequate. Specifically, CAVC stated that the October 2014 VA examiner mentioned the appellant’s lay statements as to experiencing worsened hay fever symptoms during and for many years after reserve service; however, CAVC noted that it is unclear how the lay statement factored into the opinion. The CAVC noted that the Board should consider, if necessary, whether a medical expert is required to ascertain whether the appellant’s statements that he experienced many years of worsened hay fever symptoms after service constitutes permanent worsening.

Upon a review of the October 2014 VA examination report, the Board notes that the appellant did not specifically describe the type and severity of his allergy symptoms prior to service. He stated only that he had been diagnosed with hay fever when he was 17 or 18 years old. He went on to describe in detail two allergy attacks that he experienced at Fort Jackson. Then, he stated that his allergies improved when he went to Fort Gordon because the weather was cold. Next, he stated he returned home, and after four to five years, his symptoms improved over time. Finally, he said his symptoms were the same prior to service as during service. The Board construes this history, as reported by the appellant, to suggest that the allergy attacks he experienced during service were the same as any attacks that he had experienced before service. With respect to his statement that he returned home and after four to five years his symptoms improved over time, this would suggest that his allergy symptoms, which the appellant had noted were the same before and during service, were the same when he separated from service and then gradually improved over the next four to five years, as opposed to worsening in the years after service. In any event, a medical opinion should be obtained on remand to determine whether the appellant’s hay fever was aggravated beyond its natural progression during his active duty training.

CAVC also noted that the Board appeared to have accepted seemingly incompatible views of the facts: after noting the appellant stated that allergen exposure during ACDUTRA aggravated his symptoms, and finding him competent and credible to so testify, the Board in its denial of benefits relied on the October 2014 opinion that disregarded his statements in this regard. In the August 2015 decision, the Board did note the appellant’s assertion that, during the summer months of his eight weeks of basic training at Fort Jackson, he was exposed to allergens, including pollen, dust, grass and plants, that severely aggravated his condition. However, the Board found him competent and credible to testify only as to whether or not he “experienced symptoms of allergic rhinitis” while on ACDUTRA, as opposed to whether allergen exposure during ACDUTRA “aggravated” his symptoms. In essence, the appellant is competent to describe the types of symptoms he experienced before, during, and after service, and is found to be credible as to what he has thus far reported.

2. Service connection for sleep apnea, to include as secondary to hay fever, is remanded.

Finally, since the appellant asserted it was secondary to his allergic rhinitis, CAVC remanded the claim for service connection for sleep apnea as intertwined with the claim for service connection for allergic rhinitis. Therefore, both claims must be remanded.

The matters are REMANDED for the following action:

1. Obtain any outstanding VA treatment records and any outstanding private medical records identified by the appellant as pertinent to his claim.

2. Schedule the appellant for a VA examination by a doctor who is board-certified in allergy and immunology. A copy of the letter notifying the appellant of the date, time, and location of the examination should be associated with the file.

The claims folder should be made available to the doctor in conjunction with the examination, and the report should reflect such review occurred. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed.

The doctor must provide an opinion as to whether there was an aggravation (i.e., worsening) of the appellant’s hay fever during his period of ACDUTRA, and if so, whether that worsening was caused by his period of ACDUTRA. 

The term “aggravation” in the above context refers to a permanent increase in disability beyond the natural progress of that disease during the period of ACDUTRA.

In providing his/her opinion, the doctor should consider the following:

(a.) The appellant served on ACDUTRA from June 25, 1960, to December 16, 1960; July 15 to July 30, 1961; August 12 to August 25, 1962; July 30 to August 16, 1963; July 30 to August 15, 1964; and July 17 to August 1, 1965.

(b.) It is conceded that the appellant’s hay fever existed prior to his periods of ACDUTRA (i.e., prior to June 25, 1960).

(c.) The service treatment records include an April 1960 entrance examination noting that the appellant had one hay fever occurrence at the start of summer, but it had never been disabling; on a November 28, 1960, separation examination form, the appellant indicated he had experienced or currently was experiencing hay fever, but the examination report of that date found no illnesses; in December 1960, the appellant averred that he experienced no change in his physical condition since his November 1960 examination; the appellant averred in July1961, August 1962, July 1963, August 1964, and July 1965 that during his respective active duty for training there had been no change in his physical condition and he was not suffering any disability, defect, or illness not present at the beginning of duty; and a February 1965 medical record indicated he had mild seasonal hay fever and had been treated for it in the past five years.

(d.) The appellant asserts that during eight weeks of basic training at Fort Jackson, South Carolina, he was allergic to the pollinated trees, dust, grass, ragweed, and orange blossoms on the installation.

(e.) An April 2011 letter from Dr. Anant Kumar Shah indicated that the appellant experienced intermittent episodes of hay fever and had been treated by Dr. Shah since October 2010.

(f.) During an October 2014 VA examination, the appellant stated he was first tested for allergies when he was about 17-18 years old (prior to service) and was diagnosed as allergic to pollen, grass, seed, animal fur, pollen to most trees, and rag weed. He stated that while stationed in Fort Jackson, he had a severe attack of his allergies, that he described as raw nasal passages, a sore throat, sneezing, watery eyes, runny nose. He stated that this attack lasted for a week, then another episode occurred shortly after that lasted 2-3 weeks. He stated that once he went to Fort Gordon, his hay fever allergies improved because the weather was cold, and he has used over-the-counter medications from that point. He further stated he came back home, and after 4-5years, his symptoms improved over time. He then stated since he had gotten older it was affecting him more. Finally, he stated he had taken allergy shots in the past, in the mid 1960’s.

(Continued on the next page)

 

(g.) The absence of documentation of complaints or treatment of hay fever symptoms in the service treatment records cannot, standing alone, serve as the basis for a negative opinion regarding aggravation of the appellant’s hay fever during service. The appellant is competent to state he had experienced hay fever symptoms during service and is found to be credible in this regard.

The examiner must provide a rationale for all opinions provided. If the examiner is unable to render the requested opinion without resorting to pure speculation, he or she must so state; however, a complete rationale for such a finding must be provided.

 

 

P. M. DILORENZO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Buck Denton

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.